1
2
3
4
5
6                              UNITED STATES DISTRICT COURT
7                                    DISTRICT OF NEVADA
8                                             * * *
9    JON GREGORY SANCHEZ,
10         Plaintiff,
11         v.                                             3:15-CV-00455-LRH-WGC
12   JAMES BORELLI and KELLY BORELLI and
     the FINANCIAL INDUSTRY                               <u>ORDER</u>
13   REGULATORY AUTHORITY
14         Defendants.
15

16         Before the Court is Plaintiff Jon Gregory Sanchez's ("Sanchez") Motion to Vacate

17   Arbitration Award.  ECF No. 1. [1]  Defendants James Borelli and Kelly Borelli ("the Borellis")

18   filed an Opposition to Motion to Vacate and Countermotion to Confirm.  ECF No. 11.  Sanchez

19   filed a Reply to the Opposition to Motion to Vacate and an Opposition to the Countermotion to

20   Confirm.  ECF No. 22.  Sanchez also filed a Motion to Strike Opposition and Related

21   Documents.  ECF No. 18.  The Borellis filed an Opposition to the Motion to Strike and a

22   Countermotion to Dismiss.  ECF No. 23 and 25.  Sanchez filed a Reply to the Opposition to the

23   Motion to Strike.  ECF No. 26.  He also filed an Opposition to the Countermotion to Dismiss.

24   ECF No. 27.  Defendant Financial Industry Regulatory Authority ("FINRA") filed a Motion to

25   Dismiss.  ECF No. 28.  Sanchez filed a Response.  ECF No. 30.  FINRA filed a Reply.  ECF No.

26   33.

27   ///

28
     _____
     [1] Refers to the Court's docket number.

                                               1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   Factual Background

On April 29, 2014, the Borellis brought a claim against Sanchez for the mismanagement of part of their investment portfolio.  The dispute was arbitrated by FINRA.  After a hearing, the FINRA arbitrator issued a written decision awarding the Borellis $40,000 in damages on August 5, 2015.  On September 4, 2015, Sanchez filed a Petition for Judicial Review/Motion to Vacate the Arbitration Award.  ECF No. 1.  On December 14, 2015, the Borellis filed an Opposition to Motion to Vacate and Countermotion to Confirm.  ECF No. 11.  On December 31, 2015, Sanchez filed a Reply to the Opposition to Motion to Vacate and an Opposition to the Countermotion to Confirm.  ECF No. 22.  Sanchez also filed a Motion to Strike Opposition and Related Documents on December 22, 2015.  ECF No. 18.  On January 4, 2016, the Borellis filed an Opposition to the Motion to Strike and a Countermotion to Dismiss.  ECF No. 23 and 25.  On January 11, 2016 Sanchez filed a Reply to the Opposition to the Motion to Strike.  ECF No. 26. He also filed an Opposition to the Countermotion to Dismiss on January 21, 2016.  ECF No. 27. On February 5, 2016, FINRA filed a Motion to Dismiss.  ECF No. 28.  On February 17, 2016, Sanchez filed a Response.  ECF No. 30.  On February 26, 2016, FINRA filed a Reply.  ECF No. 33.

## II.   Legal Analysis

The federal court is one of limited jurisdiction.  *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir.1986).  The Court possesses only that power authorized by the Constitution or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986).  It is presumed that a cause lies outside this limited jurisdiction. *Turner v. President of Bank of N. Am.*, 4 U.S. (Dall.) 8, 11 (1799).  The burden of establishing subject matter jurisdiction is on the party asserting it.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  The party asserting jurisdiction in this case is the petitioner, as Sanchez commenced the instant action in this court. *Tosco Corp. v. Communities For A Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926)) ("A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the

2

existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."). The court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)).

Although the Federal Arbitration Act ("FAA") creates substantive law governing arbitration agreements, the statute does not confer subject matter jurisdiction on the federal courts. *Southland Corp. v. Keating*, 465 U.S. 1, 16, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Carter v. Health Net of Cal., Inc*., 374 F.3d 830, 833 (9th Cir. 2004). Accordingly, a petition under the FAA to confirm, vacate, or modify an arbitration award may be brought in federal court only if an independent basis of jurisdiction exists. *Id*.

### A. Diversity Jurisdiction

In order to establish federal jurisdiction under § 1332, Sanchez must establish that the petitioner and the respondent are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The parties here are citizens of different states. Sanchez is a resident of California, and the Borellis are residents of Nevada. Thus, the key issue is the amount in controversy. In the initial, underlying arbitration, the Borellis sought $100,000, but the arbitration award was only $40,000, which would be under the required amount in controversy.

In *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 661 (9th Cir. 2005), the Ninth Circuit was asked to determine whether the amount-in-controversy requirement for diversity jurisdiction was "measured by the amount of the [arbitration] award or by the amount in dispute in the underlying litigation between the parties." The plaintiff had moved to vacate an arbitration award of zero dollars, and at the same time the plaintiff also filed a complaint seeking damages for substantially the same claims asserted in the underlying arbitration. *Id*. The court held that

1  the amount in controversy was met because the plaintiff was seeking to obtain $200 million in

2  damages, which equated to a request to reopen its arbitrated claims: "Although neither Theis nor

3  B & B asked that the arbitration proceedings be reopened, Theis sought to obtain by its district

4  court complaint substantially what it had sought to obtain in the arbitration.  Theis simply chose

5  to 'reopen' its claims in the district court rather than in arbitration." *Id*. at 665.

6          In reaching its conclusion, the *Theis Research* court noted that there is a split among the

7  circuits on this issue, and in general "the cases have turned upon whether the party seeking to

8  vacate an arbitration award also sought to reopen the arbitration." *Id*. at 664 (citing cases).  The

9  court cited *Baltin v. Alaron Trading Corp*., 128 F.3d 1466 (11th Cir. 1997), in which the court

10  found the amount in controversy was not met where the plaintiffs sought to vacate an arbitration

11  award requiring them to pay $36,284.69 but did not seek to reopen arbitration, because "[t]he

12  maximum remedy sought by the Baltins was the vacatur of the arbitration award" which did not

13  meet the jurisdictional minimum. *Theis Research*, 400 F.3d at 665.  The same result was reached

14  in *Ford v. Hamilton Investments, Inc*., 29 F.3d 255 (6th Cir.1994), because the plaintiffs sought

15  only to vacate a $30,524 arbitration award and neither party sought additional damages. *Theis*

16  *Research*, 400 F.3d at 665.  The court in Ford "was quite clear that had the losing party sought to

17  challenge the arbitrator's denial of that party's counterclaims," which were valued over the

18  jurisdictional minimum, then the amount in controversy would have been met. *Id*. (citing *Ford*,

19  29 F.3d at 260; accord *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc*., 431 F.3d 1320

20  (11th Cir. 2005) (holding amount in controversy was met where plaintiff sought to vacate a zero-

21  dollar award and requested a new hearing before a different arbitration panel where he would

22  seek recovery of up to $2 million).

23          "When a petitioner seeks confirmation or vacatur of an award, without seeking a remand

24  for further arbitration proceedings, 'the amount in controversy is the value of the award itself to

25  the petitioner.'" *Wise v. Marriott Int'l, Inc*., 2007 WL 2200704, at *4 (S.D.N.Y. July 30, 2007)

26  (quoting *N. Am. Thought Combine, Inc. v. Kelly*, 249 F.Supp.2d 283, 285 (S.D.N.Y.2003)).

27  Here, Sanchez is simply asking the Court to set aside the arbitrator's $40,000 award.  Neither of

28  the parties is asking this Court for an order reopening arbitration or awarding damages.  Because

4

all that is at stake from the outcome of this matter is $40,000 that is the amount in controversy. *See Coffey v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., No. CV 12-00176 PA PJWX, 2012 WL 94545, at *3 (C.D. Cal. Jan. 11, 2012); *Hansen Beverage Co. v. DSD Distributors, Inc*., No. 08CV0619-LAB(RBB), 2008 WL 5233180, at *5 (S.D. Cal. Dec. 12, 2008). Because $40,000 does not exceed $75,000, there is no diversity subject matter jurisdiction in this case.

### B. Federal Question Jurisdiction

Section 1331 invests in district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction [,]" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234, 92 L. Ed. 2d 650 (1986) (footnote omitted), a case is deemed to "arise under" federal law "where the vindication of a right under state law necessarily turns on some construction of federal law ..." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

The FAA does not itself confer federal subject matter jurisdiction; rather, there must be an independent jurisdictional basis. *Carter v. Health Net of Cal., Inc*., 374 F.3d 830, 833 (9th Cir. 2004). Additionally, a petition to vacate or confirm an arbitration award does not "arise under" federal law merely because "the underlying arbitration involves a federal question." *Luong v. Circuit City Stores, Inc*., 368 F.3d 1109, 1111 (9th Cir. 2004). A court may not "look through" to the arbitration claims in determining subject matter jurisdiction; the fact that the underlying arbitration involved federal claims does not confer federal jurisdiction for the petition to vacate, modify, or correct. *See Doscher v. Sea Port Grp. Sec., LLC*, No. 15-CV-384 JMF, 2015 WL 4643159 (S.D.N.Y. Aug. 5, 2015); *Goldman v. Citigroup Glob. Markets Inc*., No. CIV.A. 12-4469, 2015 WL 2377962 (E.D. Pa. May 19, 2015); *Crews v. S & S Serv. Ctr. Inc*., 848 F. Supp. 2d 595 (E.D. Va.) aff'd sub nom. *Crews v. S&S Serv. Ctr. Inc*., 474 F. App'x 370 (4th Cir. 2012). However, a federal court has subject matter jurisdiction over a petition to vacate an arbitration award where the basis for vacating an arbitration award is that the arbitrator manifestly disregarded federal law. *Sharlands Terrace, LLC v.1930 Wright St., LLC*, No. C-11-

2503-EDL, 2011 WL 3566816, at *4 (N.D. Cal. Aug. 12, 2011).  An exception to this rule exists where the allegation that the arbitrator manifestly disregarded federal law is "patently without merit."  *Id*.  Other courts in other circuits have held that federal question jurisdiction in a petition to vacate extends to cases where the interpretation of substantial questions of federal law is required.  *See, e.g. Gimbel v. UBS Fin. Servs., Inc*., No. 08 C 4319, 2009 WL 1904554, at *6 (N.D. Ill. May 28, 2009) (where the court found jurisdiction because petitioners' claim for relief in their petition relied upon an interpretation of SEC rules and regulations).

Here, nothing in Sanchez's petition indicates any issues with federal law or how the arbitrator handled federal law.  Sanchez seeks to vacate the arbitration award because (1) the Arbitrator exceeded his powers by disregarding the law by failing to apply Nevada Law on the issue of statute of limitations which would have barred all the claims, and (2) the Arbitrator exceeded his powers by disregarding the law by awarding damages to the Borellis with the effect of putting the Borellis in a better position than if the alleged mismanagement had not occurred.  As to his first argument, it is entirely premised on the misapplication of a Nevada state law.  The only mention of a federal law is when Sanchez states "although not clear in the complaint, Respondents appear to have alleged violation of Rules 10-b and 10-b(5) of the Securities Exchange Act of 1934," and notes that the statute of limitations on the Securities Exchange Act is dependent upon Nevada's Blue Sky laws.  However, there Sanchez is arguing that the arbitrator misinterpreted Nevada's Blue Sky laws, not any federal law.  As to Sanchez's second argument, Sanchez does not indicate any federal law that was disregarded, misinterpreted, or even important to the question at issue.  Sanchez's grievance is with the arbitrator's misuse of the general legal principle that the award should not put the wronged party in a better position than if the wrong had never occurred.  Because Sanchez is not raising any federal issue in his motion to vacate, there is no federal question jurisdiction.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Sanchez's Motion to Vacate Arbitration Award (ECF No. 1) is DISMISSED for lack of subject matter jurisdiction.

///

1    IT IS FURTHER ORDERED that all other pending motions (ECF Nos. 11, 18, 25, and

2  28) are DENIED as moot.

3    IT IS SO ORDERED.

4    DATED this 10th day of August, 2016.

5

6                                                    _____
                                                     LARRY R. HICKS
7                                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28